**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CASE NO. _____

PAIGE PRESTON, STEPHANIE WALSH,
RACHEL BESSER, NICOLE HALE, ARIEL
HOLTON and CAITLIN FERTIG, on behalf
of themselves and all those similarly situated,

                       Plaintiffs,

vs.

PROPER & WILD, LLC, a Florida limited liability
company, THE SANCTUM, LLC, a Florida limited
liability company, SANCTUM COFFEE AND
JUICE BAR, LLC, a Florida limited liability company,
JAMIE SAVAGE, individually, and CHELSIE
SAVAGE, individually,

                       Defendants.
_____/

## **COMPLAINT**

Plaintiffs, Paige Preston (hereafter "Preston"), Stephanie Walsh (hereafter "Walsh"), Rachel Besser (hereafter "Besser"), Nicole Hale (hereafter "Hale"), Ariel Holton (hereafter "Holton") and Caitlin Fertig (hereafter "Fertig"), on behalf of themselves and all others similarly situated, hereby sue Defendants, Proper & Wild, LLC (hereafter "P&W"), The Sanctum, LLC (hereafter "The Sanctum"), Sanctum Coffee and Juice Bar, LLC (hereafter "Sanctum C&J"), Jamie Savage (hereafter "J.Savage") and Chelsie Savage (hereafter "C.Savage"), and allege as follows:

## NATURE OF ACTION

1. Pursuant to Section 216 of the Fair Labor Standards Act (FLSA), plaintiffs are seeking recovery, on behalf of themselves and all others similarly situated, of unpaid minimum wages, tips and overtime compensation.

## JURISDICTION AND VENUE

2. This action raises federal questions over which this court possesses original jurisdiction pursuant to 28 U.S.C. § 1337.

3. The controversy raised by this action arose in Orange and/or Seminole Counties, Florida. Venue is therefore proper in the Middle District of Florida's Orlando Division.

## THE PARTIES

1. Plaintiffs are former employees of Defendants.

2. Defendants P&W, The Sanctum, and Sanctum C&W are Florida limited liability companies that have their principal places of business in Orange and Seminole Counties, Florida.

3. Defendants J.Savage and C.Savage are owners of P&W, The Sanctum and Sanctum C&W and, upon information and belief, reside in Orange or Seminole County, Florida.

4. Defendants own and operate restaurants/food service establishments in Central Florida.

5. P&W, The Sanctum and Sanctum C&J share common ownership, control, purpose, offices and employees. By way of the foregoing they qualify as an "integrated enterprise" (hereafter referred to as "P&W/Sanctum"), as that term is defined by the FLSA.

6. P&W/Sanctum is an enterprise whose annual gross volume of sales made or business done is not less than $500,000. 29 U.S.C. § 203(s)(1)(A)(ii).

7. At all times material hereto, P&W/Sanctum employed two or more employees, including Plaintiffs, who regularly were and are engaged in commerce, or worked on goods or materials that had been moved in or produced for commerce.

8. By virtue of the foregoing, P&W/Sanctum is subject to enterprise coverage under the Section 203(s)(1)(A) of the FLSA.

9. J.Savage and C.Savage are owners of P&W/Sanctum who control the companies' finances, and are directly involved in the restaurants' daily activities, including scheduling of working hours, timekeeping, setting pay, and establishing pay practices. By virtue of the foregoing, J.Savage and C.Savage qualify as "employers" under the FLSA.

## FACTUAL ALLEGATIONS

10. Plaintiffs each worked at P&W/Sanctum within the period commencing three (3) years prior to the filing of this action (hereafter "the relevant period").

11. During several workweeks within the relevant period, each Plaintiff was employed in a server or "lead server" position.

12. Plaintiffs, as servers and/or lead servers, were paid an hourly wage of less than $7.25 per hour, plus tips (hereafter "tip credit wage.")

13. During the relevant period, Defendants maintained a tip pooling policy or practice, pursuant to which some or all of the tips were pooled and divided among employees who worked the shift during which the tips were collected.

14. During the relevant period, Defendants divided and paid a portion of the pooled tips among employees that do not serve customers, such as cooks and dish washers.

15. During the relevant period, Defendants also divided and paid a portion of the pooled tips to non-hourly supervisory personnel.

16. During the relevant period, Defendants did not pay overtime premiums to Plaintiffs when they worked in excess of forty (40) hours per workweek. Rather, they were paid a wage for only forty (40) hours and were offered paid time off ("compensatory time") in lieu of overtime pay.

17. Upon information and belief, Defendants' practices relating to tip pools and overtime pay for servers/lead servers has not been altered and are continuing.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs have brought this action on behalf of themselves and all similarly situated individuals.

19. The employees Plaintiffs will seek to add to this action are employees of Defendants who, within the relevant period:

   A. Were or are employed by Defendants as servers or lead servers;

   B. Were paid a tip credit wage;

   C. Were subject to a tip pooling arrangement that included employees who do not serve customers (i.e. cooks, dish washers), and/or non-hourly supervisory employees; and

   D. Were not paid time and one-half the full minimum wage in workweeks in which they worked in excess of forty (40) hours.

## COUNT I
## FLSA: UNPAID MINIMUM WAGES/IMPROPER TIP POOL
**(All Plaintiffs, and those similarly situated)**

20. Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1 through 20 by reference.

21. Plaintiffs, and all individuals similarly situated, were subject to an improper tip pooling arrangement that required them to share tips with employees who do not serve customers, such as cooks and dish washers, and/or with non-hourly supervisory personnel.

22. As a result of this improper tip pooling arrangement, Defendant was not entitled to take a tip credit against the FLSA's minimum wage obligations, and Plaintiffs, and those similarly situated, were entitled to receive the full minimum wage for all hours during which they were subject to the tip pooling policy and practice.

23. Plaintiffs, and those similarly situated, are also entitled to their share of the tips that were improperly given to employees who do not serve customers, such as cooks and dish washers, and/or to non-hourly supervisory personnel.

24. As a result of their improper tip pooling policy and practice, Defendants have violated and continue to violate the minimum wage provision of the FLSA.

25. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), thereby extending the statute of limitations from two years to three years.

26. Through the conduct as alleged herein, Defendants failed to act in good faith with respect to Plaintiffs, and those similarly situated.

27. Plaintiffs, and those similarly situated, are entitled to damages in the amount of their respective unpaid minimum wages and improperly withheld tips, plus an equal amount as liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

28. Plaintiffs request recovery of their attorneys' fees and costs associated with their claims as provided by 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under 29 U.S.C. § 201 *et seq.*;

B. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

C. An award of damages including liquidated damages to be paid by Defendants;

D. Attorneys' fees and costs; and

E. Any other relief that this Court deems just and proper.

## COUNT II
## FLSA: UNPAID OVERTIME COMPENSATION
**(Plaintiffs Fertig, Besser and those similarly situated)**

29. Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1 through 20 by reference.

30. During the relevant period, and continuing to this day, Defendants have maintained a policy and practice of denying overtime compensation to servers and lead servers who work in excess of forty (40) hours per week.

31. Instead of paying one and one-half times the full minimum wage for overtime hours, as is required by the FLSA, Defendants, at times, provided servers and lead servers "compensatory time" and, in other cases, simply denied pay beyond forty (40) hours in a workweek.

32. Plaintiffs Fertig and Besser, and those similarly situated, worked in excess of forty (40) hours in multiple workweeks during the relevant period, and were denied overtime compensation as set forth above.

33. Defendants failed to keep complete and accurate records of working hours and, in some cases, altered records or prohibited employees from recording all working hours.

34. As a result of Defendants' failure to compensate Plaintiffs Fertig and Besser a rate not less than one-half times the minimum wage for all work performed in excess of forty (40) hours in a work week, Defendants have violated and continue to violate the FLSA.

35. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), thereby extending the statute of limitations from two years to three years.

36. Through the conduct as alleged herein, Defendants failed to act in good faith with respect to Plaintiffs Fertig and Besser and those similarly situated.

37. Plaintiffs Fertig and Besser are entitled to damages in the amount of their respective unpaid overtime compensation, plus an equal amount as liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

38. Plaintiffs request recovery of their attorneys' fees and costs associated with their claims as provided by 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under 29 U.S.C. § 201 *et seq.*;

B. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

      C.      An award of damages including liquidated damages to be paid by Defendants;

      D.      Attorneys' fees and costs; and

      E.      Any other relief that this Court deems just and proper.

Date: June 26, 2020

Respectfully submitted,

s/ David H. Spalter, Esquire
Jill S. Schwartz, Esquire
Florida Bar No. 523021
David H. Spalter, Esquire
Florida Bar No. 966347
Lauren R. Robertson, Esquire
Florida Bar No. 109236
JILL S. SCHWARTZ & ASSOCIATES, P.A.
655 W. Morse Blvd., Suite 212
Winter Park, Florida 32789
Telephone: (407) 647-8911
Facsimile: (407) 628-4994
E-mail: jschwartz@schwartzlawfirm.net
E-mail: dspalter@schwartzlawfirm.net
E-mail: lrobertson@schwartzlawfirm.net
Secondary E-mail: acook@schwartzlawfirm.net
Secondary E-mail: docketing@schwartzlawfirm.net

Attorneys for Plaintiffs